IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GINA BROWN-STEFFES, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-1747-D |
| VS. § | |
| § | |
| AVIS BUDGET GROUP, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

This is an action by plaintiff Gina Brown-Steffes ("Brown-Steffes") against defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and Avis Car Sales, LLC (collectively, "Avis," unless otherwise indicated), and William Marlow ("Marlow") for sex-based discrimination and sexual harassment under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556 (West 2021). Avis removed the case based on diversity of citizenship, contending that Marlow (like Brown-Steffes, a Texas citizen) has been improperly joined. Marlow now moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, and Brown-Steffes moves to remand. For the reasons that follow, the court holds that Avis has met its heavy burden of establishing improper joinder, grants Marlow's motion to dismiss, and denies Brown-Steffes's motion to remand.

I

A

Brown-Steffes has worked as a car sales representative for Avis, a car rental and sales company, since September 2020.[1] During most of her tenure at Avis, she has been the only female sales representative at her dealership, and all dealership managers have been males. Marlow is the General Manager of the Avis dealership where Brown-Steffes works.

According to Brown-Steffes's state-court original petition ("petition"), Marlow's hostility toward females was noticeable early on. Marlow targeted Brown-Steffes, in particular, directing degrading and sexist comments at her and making sex-related gestures and facial expressions. He also tolerated and encouraged others to demean and mistreat her. Brown-Steffes alleges that Marlow created an environment that discouraged employees from speaking to Avis Human Resources ("HR") about workplace issues.

In November 2020 Avis hired Allen Accipiter ("Accipiter") as the Finance Manager at Brown-Steffes's dealership. Brown-Steffes alleges that, sometime in 2021, Marlow and Accipiter, followed later by other colleagues, began calling her a vulgar nickname. According to the petition, Accipiter's sex-based behavior toward her escalated in August

---

[1]Because Marlow is moving to dismiss under Rule 12(b)(6) and Brown-Steffes's motion to remand is decided using the Rule 12(b)(6) standard, the court in recounting the background facts will do so favorably to Brown-Steffes. The court will "'accept[] all well-pleaded facts as true, viewing them in the light most favorable to [Brown-Steffes].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

2021. He propositioned her and offered to take her out if she engaged in a sex act with him; dismissed other employees early so that he could be alone with her, and, on one occasion when he had dismissed other employees, requested that she engage in a sex act and became angry when she called her husband to come to the dealership; and engaged in other sexual physical and verbal conduct directed at her.

Brown-Steffes also alleges that Accipiter conditioned sales support on compliance with his sexualized requests, including warning her that he would stop giving her favors if she did not accede to his sexual requests, making her job more difficult so that she would need favors, and offering to assist her with a sale in exchange for a sexual favor.

Brown-Steffes alleges that Marlow and Avis knew or should have known of the harassment because Accipiter's conduct was open and obvious. She asserts that she lived in fear that Accipiter would physically assault her and feared retaliation if she spoke to Marlow or Avis. In or about October 2021 she took temporary leave, which she is currently still on.

On or about February 1, 2022 Brown-Steffes sent a group email to Marlow, Accipiter, and an Avis HR director, reporting hostile work environment, serious sexual harassment, and other discrimination and recounting a threat by Marlow not to report issues to HR. She alleges that Avis delayed responding to her complaint and then conducted a "biased, flawed, and inadequate investigation" that concluded there was no evidence to corroborate her report. Pet. ¶ 60. She alleges that Avis took no corrective action against Marlow or Accipiter in connection with her complaint.

On or about June 2, 2022 Brown-Steffes filed a charge of sex discrimination against Avis and Marlow with the Texas Workforce Commission. After receiving a right-to-sue letter, she filed this lawsuit in Texas state court.

B

Avis removed the case to this court based on diversity of citizenship, contending that Marlow—a Texas citizen—has been improperly joined. Marlow consented to the removal. Marlow then filed the instant motion to dismiss under Rule 12(b)(6). Brown-Steffes—also a Texas citizen—moves to remand, contending that Marlow was properly joined and that his Texas citizenship deprives this court of subject matter jurisdiction and precludes removal. Avis opposes the motion. The court is deciding the motions on the papers, without oral argument.

II

Marlow's motion to dismiss and Brown-Steffes's motion to remand are analytically interrelated. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Accordingly, the court will decide the motions together.

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity

jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573. The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

"Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court." *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue here—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the

plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law," "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* A determination of improper joinder must be based on an analysis of the allegations in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

When deciding whether a defendant has been improperly joined, federal district courts must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The TCHRA provides two causes of action for workplace sexual harassment. First, under § 21.051, a plaintiff can allege that her employer engaged in sex discrimination so pervasive that it constituted sexual harassment and created a hostile work environment. *See* Tex. Lab. Code Ann. § 21.051; *Lauderdale v. Tex. Dep't of Crim. Just., Institutional Div.*, 512 F.3d 157, 162-63 (5th Cir. 2007).[2] Second, under § 21.142, a plaintiff can assert that her employer failed to remedy known sexual harassment. Brown-Steffes brings both claims against Marlow.

---

[2]*Lauderdale* discusses hostile work environment claims based on sexual harassment in the context of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. The Supreme Court of Texas has said that "[b]ecause one of the purposes of the TCHRA is to 'provide for the execution of the policies of Title VII . . .' we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012)).

A

A plaintiff can assert a § 21.051 sexual harassment claim only against an institutional employer, not against a defendant in his individual capacity. *See Williams v. Merck & Co.*, 381 Fed. Appx. 438, 440 (5th Cir. 2010) (per curiam) ("[Plaintiff] chose to sue exclusively under the Texas Labor Code, which only provides a cause of action against employers—not supervisors or co-workers. . . ."); *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 580 (Tex. App. 2004, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under the TCHRA.").

Because Marlow cannot be held liable under § 21.051 in his individual capacity, there is no reasonable basis for the court to predict that Brown-Steffes will be able to recover against Marlow on this claim. The court therefore grants Marlow's motion to dismiss this claim and holds that Avis has met its heavy burden to prove improper joinder.

B

Based on the allegations in the petition at the time of removal, Brown-Steffes has failed to state a claim against Marlow on which relief can be granted under § 21.142, and Avis has met its heavy burden to prove improper joinder.

1

A sexual harassment claim under § 21.142 was added to the TCHRA in 2021. This claim applies only to conduct that occurred on or after September 1, 2021. *See* Act of May

14, 2021, 87th Leg., R.S., ch. 172, §§ 2-3, 2021 Tex. Gen. Laws 176.[3] The elements of a § 21.142 claim are that (1) the plaintiff experienced sexual harassment, and (2) the employer or the employer's agents or supervisors (a) knew or should have known that the conduct constituting sexual harassment was occurring and (b) failed to take immediate and appropriate corrective action. Tex. Lab. Code Ann. § 21.142.

For purposes of a § 21.142 claim, "sexual harassment" means:

> an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if: (A) submission to the advance, request, or conduct is made a term or condition of an individual's employment, either explicitly or implicitly; (B) submission to or rejection of the advance, request, or conduct by an individual is used as the basis for a decision affecting the individual's employment; (C) the advance, request, or conduct has the purpose or effect of unreasonably interfering with an individual's work performance; or (D) the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

*Id.* § 21.141(2). Although this definition contains language that has similarities to the elements of a § 21.051 hostile work environment claim, courts have not addressed whether a plaintiff who pleads facts meeting this definition may avail herself of legal theories typically used in connection with a § 21.051 claim.

Brown-Steffes contends that she can apply one such legal theory—the "continuing violation" theory—under which the conduct comprising a hostile work environment claim

---

[3]"A claim that is based on conduct that occur[red] before [September 1, 2021] is governed by the law in effect on the date the conduct occurred." Act of May 14, 2021, 87th Leg., R.S., ch. 172, § 2, 2021 Tex. Gen. Laws 176.

is said to span the entire period of the harassment, and the claim accrues on the "date of the last act contributing to the violation." *Watson v. Blaze Media LLC*, 2023 WL 5004144, at *3 (N.D. Tex. Aug. 3, 2023) (Boyle, J.).[4] Under this theory, a court can consider "the entire time period" of the hostile work environment when determining liability, so long as "an act contributing to the claim occurs within" the requisite period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

A § 21.142 claim also uses a different definition of "employer" than the rest of the TCHRA, defining it as "a person who: (A) employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee." Tex. Lab. Code Ann. § 21.141(1). Because no court has yet considered the scope of this definition's second prong, this court interprets it in line with the similar language in the Family and Medical Leave Act of 1993, *see* 29 U.S.C. § 2611(4)(A)(ii)(l), and the Fair Labor Standards Act of 1938, *see* 29 U.S.C. § 203(d). The court holds that § 21.142 permits a plaintiff to bring a claim against an individual as well as an institutional employer, and that § 21.142 is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

---

[4]Courts have regularly applied the "continuing violation" theory, which comes from Title VII jurisprudence, to § 21.051 claims under the TCHRA. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 806 n.2 (Tex. 2010) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)).

2

Based on the allegations in the petition at the time of removal, Brown-Steffes has failed to plead a plausible § 21.142-based sexual harassment claim against Marlow, and Avis has met its heavy burden to prove improper joinder concerning this claim. Even if the court assumes *arguendo* that Brown-Steffes was subjected to sexual harassment, as defined in § 21.141(2), while working at her Avis dealership and that Marlow qualifies as an "employer" within the meaning of § 21.142, Brown-Steffes has failed to plead a plausible claim under § 21.142. This is so because she has failed to adequately plead that Marlow's misconduct occurred on or after September 1, 2021, the effective date of § 21.142.

Even assuming *arguendo* that the "continuing violation" theory applies to a § 21.142 sexual harassment claim, Brown-Steffes has not plausibly pleaded that the "last act contributing to [Marlow's] violation," *Watson*, 2023 WL 5004144, at *3—i.e., the last act of sexual harassment Marlow knew about but did not take action to remedy—occurred on or after September 1, 2021. The last specific act of sexual harassment alleged in the petition occurred "[o]n or around August 24, 2021." Pet. ¶ 50. Other than that, Brown-Steffes generally alleges in ¶¶ 54-55 of the petition that she "lived in fear that Accipiter would physically assault her" and that "[t]he bullying, crude behavior, sexual harassment, and other discrimination . . . caused [her] to take a temporary leave from work beginning in or about October 2021." *Id.* ¶¶ 54-55. But the petition nowhere pleads any specific acts of harassment that occurred on or after September 1, 2021.

Brown-Steffes urges that, "[v]iewed properly," the "unmistakable implication" of her

allegations in ¶¶ 54-55 is "that the hostile work environment and sexual harassment continued through September and into October 2021 with sufficient harm that it forced [her] out of work for medical reasons." P. Reply (ECF No. 9) at 16; P. Reply (ECF No. 13) at 7. But what is actually pleaded in the petition does not enable the court to draw the reasonable inference that the "entire time period" of the hostile work environment continued beyond late August 2021, because it does not allege specific "act[s] contributing to the claim" that happened in September or beyond. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117.

Accordingly, the court grants Marlow's motion to dismiss this claim and holds that Avis has met its heavy burden to prove improper joinder.

C

"When a district court 'determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021) (emphasis in original) (quotation omitted); *Whitener v. ASI Lloyds*, 2018 WL 10419343, at *2 (N.D. Tex. Jan. 23, 2018) (Fitzwater, J.). Accordingly, Brown-Steffes's action against Marlow is dismissed without prejudice[5] by Rule 54(b) final judgment filed today.

\* \* \*

For the reasons explained, the court concludes that Avis has met its heavy burden of demonstrating that Marlow has been improperly joined. Because the properly-joined parties

---

[5]The dismissal must be without prejudice. *Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017).

are completely diverse, Brown-Steffes's motion to remand is denied. The court grants Marlow's motion to dismiss and dismisses the action against him without prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED**.

September 29, 2023.

                                                _____
                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE